JULIE M. CAPELL (State Bar No. 226662)
  juliecapell@dwt.com
ARIELLE SPINNER (State Bar No. 311147)
  ariellespinner@dwt.com
XIAOCHEN CHEN (State Bar No. 347895)
  xiaochenchen@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

JAIME WALTER (State Bar No. 281066)
  jaimewalter@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111-4701
Telephone: (415) 276-6500
Fax: (415) 276-6599

Attorneys for Defendant
UNITED RENTALS (NORTH AMERICA), INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MARTIN, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED RENTALS (NORTH AMERICA), INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.    3:25-cv-2041<br><br>**UNITED RENTALS (NORTH AMERICA), INC.'S NOTICE OF REMOVAL AND REMOVAL**<br><br>**[CAFA JURISDICTION]**<br><br>Filed concurrently with Declarations of Jaime D. Walter, Anthony Dobson, and Cristina Madry; Corporate Disclosure Statement; Notice of Interested Parties; and Civil Cover Sheet<br><br>State Action Filed: December 13, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant United Rentals, (North America) Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, on the grounds that: (1) Plaintiff Mario Martin ("Plaintiff") is a "citizen of a State different from" Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.

## PROCEDURAL BACKGROUND

1. On December 13, 2024, Plaintiff commenced a class action against Defendant in the Superior Court of the State of California for the County of San Francisco, entitled "MARIO MARTIN, an individual, on behalf of himself and on behalf of all persons similarly situated, v. UNITED RENTALS (NORTH AMERICA), INC., a Corporation; and DOES 1 through 50, inclusive, Defendants," Case No. CGC-24-620586 (the "Complaint").

2. On January 9, 2025, Plaintiff provided Defendant's counsel with the following documents: Complaint; Civil Case Cover Sheet; Summons; Notice of Case Management Conference; and the Alternative Dispute Resolution (ADR) packet materials. True and correct copies of the aforementioned documents are attached as "**Exhibit A**" to the Declaration of Jaime D. Walter ("Walter Decl."), filed concurrently in support of this Notice of Removal. *See* Walter Decl., ¶ 2.

3. On February 21, 2025, Defendant filed in the Superior Court of the State of California for the County of San Francisco its Answer to Plaintiff's Complaint, a true and correct copy of which is attached as "**Exhibit C**" to the Walter Declaration. *See* Walter Decl., ¶ 4.

4. Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Unfair Competition in Violation of California Business & Professions Code § 17200; (2) Failure to Pay Minimum Wages in Violation of California Labor Code §§ 1194, 1197, and 1197.1; (3)

Failure to Pay Overtime Wages in Violation of California Labor Code § 510; (4) Failure to Provide Required Meal Periods in Violation of California Labor Code §§ 226.7 and 512 and the Applicable IWC Wage Order; (5) Failure to Provide Required Rest Periods in Violation of California Labor Code §§ 226.7 and 512 and the Applicable IWC Wage Order; (6) Failure to Provide Accurate Itemized Statements in Violation of California Labor Code § 226; (7) Failure to Reimburse Employees for Required Expenses in Violation of California Labor Code § 2802; (8) Failure to Provide Wages When Due in Violation of California Labor Code §§ 201, 202, and 203; and (9) Failure to Pay Sick Pay Wages in Violation of California Labor Code §§ 201-203, 233, and 246.

5.     Plaintiff brings the first cause of action on behalf of a California Class, defined as "all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the 'CALIFORNIA CLASS') at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the 'CALIFORNIA CLASS PERIOD')." *See* Exhibit A, Complaint, ¶¶ 4, 25.

6.     Plaintiff brings the second, third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action on behalf of a California sub-class, defined as "all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the 'CALIFORNIA LABOR SUB-CLASS') at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the 'CALIFORNIA LABOR SUB-CLASS PERIOD') pursuant to Cal. Code of Civ. Proc. § 382." *See* Exhibit A, Complaint, ¶ 35.

**JURISDICTION AND COURT/DIVISIONAL ASSIGNMENT**

7.     As Plaintiff's state court action is pending in San Francisco County Superior Court, removal of the state court action to this court is proper under 28 U.S.C. §§ 1391(a) and 1446(a). Pursuant to Local Rule 3-2(c)-(d), this matter may be assigned to this district's San Francisco or Oakland Division.

DEFENDANT'S NOTICE OF REMOVAL

1    **REMOVAL IS TIMELY**

2    8.    This Notice of Removal is timely filed within thirty (30) days of January 28, 2025,

3    when service on Defendant was completed when Defendant's counsel signed, dated, and served

4    the Notice and Acknowledgment of Receipt – Civil ("NAR") on Plaintiff's counsel.  *See Hillman*

5    *v. PacifiCorp,* No. 221CV00848MCECKD, 2022 WL 597583, at *5 (E.D. Cal. Feb. 28, 2022)

6    ("Under California law . . . a summons is deemed served by NAR on the date the

7    'acknowledgment of receipt of summons is executed and returned.' . . . To the extent Plaintiffs

8    argue that the 30-day period for removal begins running from the day defense was initially

9    provided with a copy of the Complaint, . . . [t]he Supreme Court has rejected any such

10    interpretation, however, agreeing that 'the service or otherwise language was not intended to ...

11    bypass service as a starter for § 1446(b)'s clock.'"); *see also Varga v. United Airlines*, No. C 09-

12    02278-SI, 2009 WL 2246208, at *3 (N.D. Cal. July 24, 2009) (removal timely where action

13    removed 30 days after the date the NAR was signed and returned).  A true and correct copy of the

14    signed NAR is attached as **"Exhibit B"** to the Walter Declaration.  *See* Walter Decl., ¶ 3.

15    9.    No previous notice of removal has been filed in this action.  This Notice of

16    Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

17    **PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA**

18    10.    This Court has original jurisdiction over this action pursuant to CAFA.  As such,

19    this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446, and

20    1453.

21    11.    Under CAFA, the federal district court has jurisdiction if:

22         a)    There are at least 100 class members in all proposed plaintiff classes;

23         b)    Any class member (named or not) is a citizen of a different state than any

24              defendant; and

25         c)    The combined claims of all class members exceed $5 million exclusive

26              of interest and costs.

27    28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453(a).

28

3

**A.    There Are Over 100 Class Members in the Proposed Class.**

12.    CAFA provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

13.    Here, Plaintiff purports to bring this action on behalf of all individuals who are or were employed by Defendant in California, including any employees staffed with Defendant by a third party, and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court. Exhibit A, Complaint, ¶ 4.

14.    Plaintiff further alleges that "the CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS members is impracticable."  Exhibit A, Complaint, ¶ 29.

15.    Based upon Defendant's employment records, the putative California class includes 2,704 individuals who are or were employed by Defendant as non-exempt, hourly employees in California between December 13, 2020 and February 10, 2025.  *See* Dobson Decl., ¶ 3.  Also based upon Defendant's employment records, the putative California Labor Sub-Class includes 2,495 individuals who are or were employed by Defendant as non-exempt, hourly employees in California between December 13, 2021 and February 14, 2025.  *Id.*, ¶ 4.  Thus, the numerosity requirement under CAFA has been met.

**B.    The Diversity of Citizenship Requirement Is Satisfied.**

16.    **Plaintiff and Members of the Putative Class Are Citizens of California.**  A person is a "citizen" of the state in which he is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to which he intends to return.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff's Complaint provides that he "was employed by DEFENDANT in California from February of 2022 to August 28, 2024."  *See* Exhibit A, Complaint, ¶ 3.  Further, Defendant's payroll records confirm that Plaintiff lived in California during his employment with Defendant.  *See* Dobson Decl., ¶ 6, Exhibit E.

17.    On information and belief, at the time of filing the Complaint and at the time of the filing of this Notice of Removal, Plaintiff was and is domiciled in San Francisco County, and was and is a citizen of California.

18.    In addition to Plaintiff, as of the date the Complaint was filed and at the time of this removal, at least one member of Plaintiff's proposed class was and is a citizen of California. *See* Exhibit A, Complaint, ¶ 4.

19.    **Defendant Is a Citizen of Delaware and Connecticut.** Defendant United Rentals (North America), Inc. is and was at the time of filing of the action, a citizen of Delaware and Connecticut within the meaning of 28 U.S.C. § 1332(c)(1).

20.    At the time of the filing of this action, Defendant was, and still is, a corporation organized under the laws of the State of Delaware. *See* the Declaration of Cristina Madry ("Madry Decl."), filed concurrently in support of this Notice of Removal, ¶ 4.

21.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"). *Hertz* further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93.

22.    Defendant's executive officers maintain their offices at Defendant's headquarters in Stamford, Connecticut, where they direct, control, and coordinate Defendant's activities. *See* Madry Decl., ¶¶ 4-5. The offices of Defendant's high-level corporate officers are also located at Defendant's corporate headquarters in Stamford, Connecticut. *Id.* These high-level corporate officers are responsible for the direction, control, and coordination of the activities covered by their respective offices. *Id.*

23. **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(a).

24. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Plaintiff, a putative class member, is a citizen of California. *See* Exhibit A, Complaint, ¶ 3. Defendant is a citizen of Delaware and Connecticut. *See* Madry Decl., ¶¶ 4-5. The citizenship of "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between the parties.

**C.   The Requisite Amount in Controversy Is Satisfied for CAFA Jurisdiction.**

25. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Without admitting that it engaged in any improper conduct, that Plaintiff's claims have any merit, that this action is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, or that Plaintiff or any member of any putative class he purports to represent is entitled to recover any relief from Defendant, as requested in the Complaint or otherwise, Defendant avers that the total matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, as required to establish CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(6).

26. In removing an action pursuant to CAFA, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924-25 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Defendant meets this standard here.[1]

---

[1] Defendant discusses the allegations in the Complaint and estimates the amounts in controversy solely to demonstrate that the CAFA threshold is surpassed. In doing so, Defendant does not admit—and rather, expressly denies—that Plaintiff will be able to certify a class, that Plaintiff

DEFENDANT'S NOTICE OF REMOVAL

27.     **The Eighth Cause of Action Seeking Waiting Time Penalties, Standing Alone, Establishes the Requisite Amount in Controversy.**  Even disregarding attorneys' fees and all other causes of action in the Complaint, the amount in controversy with respect to only the eighth cause of action for failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203 (*i.e.,* waiting time penalties), is at least **$6,141,719.60**—far in excess of the $5,000,000 threshold.

a.     Plaintiff seeks statutory waiting time penalties pursuant to California Labor Code § 203 for non-exempt hourly employees employed by Defendant in California between December 13, 2021 and the present, whose employment ended during that time and who allegedly did not receive payment of all earned wages upon separation of employment, with an amount in controversy equal to the continued wages for such individuals for up to thirty (30) days from the end of their employment.  *See* Exhibit A, Complaint, ¶¶ 18, 40(e), 71, 85, 107-109, 113-114, and Prayer for Relief ¶ 2(G).

b.     Of the non-exempt hourly employees who were employed by Defendant in California from December 13, 2021 through February 10, 2025[2], (the "Relevant Period"),  907 ended their employment during that time.  *See* Dobson Decl., ¶ 7.  Thus, although Defendant denies the allegations of the Complaint and denies that it failed to timely pay any employees all wages due at separation of employment, at least 907 individuals are allegedly owed waiting time penalties.[3]

c.     Defendant's employment records show that non-exempt hourly employees in California worked, on average, more than eight (8) hours per shift.  *See* Dobson Decl., ¶ 11.

---

will prevail on his theories of liability, and that Plaintiff or any individuals he seeks to represent are entitled to damages, penalties, or any other relief, in any particular amount or at all.

[2] This is the date Mr. Dobson pulled the data.

[3] If Plaintiff's assertions are to be believed (which Defendant strongly disputes), then every single one of these 907 former employees are entitled to waiting time penalties on account of various *alleged* uniform practices, such as being required to submit to off-the-clock mandatory temperature checks and system questionnaires for COVID-19, not being allowed to leave the work premises during rest breaks, and always having their time rounded to the benefit of Defendant.  Exhibit A, Complaint ¶¶ 8, 12.

DEFENDANT'S NOTICE OF REMOVAL

For purposes of this analysis, Defendant conservatively calculates that putative class members worked only eight hours per day.

       d.     Defendant's employment records show that of the 907 terminated employees, seven were terminated less than 30 days before, and 900 were terminated more than 30 days before, the filing of this Notice of Removal on February 27, 2025.   Further, 860 employees were terminated 30 or more days before the filing of the Complaint on December 13, 2024.  *See* Dobson Decl., ¶ 8.

       e.     Defendant's employment records show that the sum of the 900 employees' final hourly rate was $25,430.23.  *Id.*, ¶ 9.  Defendant's employment records also show that the final hourly rates of the seven employees who were terminated fewer than 30 days before February 27, 2025, were $25.50, $31.50, $21.00, $36.16, $40.00, $33.07, and $32.00, respectively.  *Id.*, ¶ 10.  A chart including each of the seven terminated employees' termination dates and final hourly rates is included at Paragraph 10 of the Dobson Declaration.

       f.     Accordingly, even based on a very conservative estimate that Plaintiff and other hourly non-exempt employees in California whose employment ended during the Relevant Period worked only eight-hour shifts, the minimum amount in controversy with respect to Plaintiff's Eighth Cause of Action is **$6,141,719.60**, calculated as follows:

| Late Days | Number of Employees | Final Daily Rate of Pay | Penalties |
|---|---|---|---|
| 30+ days | 900 | Varied | $25,409.23 (sum of 900 employees' final hourly rates) x 8 hours x 30 days = $6,098,215.20 |
| 28 days | 1 | $32.00 x 8 hours = $256.00 | $256.00 x 28 days = $7,168 |

| Late Days | Number of Employees | Final Daily Rate of Pay | Penalties |
|---|---|---|---|
| 27 days | 2 | $40 x 8 hours = $320<br>$33.07 x 8 hours = $264.56 | $320 x 27 days = $8,640<br>$264.56 x 27 days = 7,143.12 |
| 26 days | 1 | $36.16 x 8 hours = $289.28 | $289.28 x 26 days = $7,521.28 |
| 23 days | 1 | $21.00 x 8 hours = $168.00 | $168.00 x 23 days = $3,864 |
| 21 days | 1 | $31.50 x 8 hours = $252.00 | $252.00 x 21 days = $5,292 |
| 19 days | 1 | $25.50 x 8 hours = $204.00 | $204.00 x 19 days = $3,876 |
| | | | Total: **$ 6,141,719.60** |

g.      Therefore, the $5,000,000 minimum threshold for CAFA jurisdiction is met based on alleged waiting time penalties alone.

28.     **Amount in Controversy – Unpaid Rest Period Premiums.**  Plaintiff repeatedly states that Defendant's "policy and practice failed to provide the legally mandated meal and rest periods," and that class members were "not fully relieved of duty" as a result of their "rigorous work schedules." *See*, *e.g.*, Exhibit A, Complaint, ¶¶ 49, 87-88.  Plaintiff also states that Defendant's policy "**restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period**." *Id.*, ¶¶ 12.  Although Defendant strongly disputes the allegations, if true, *that would mean a 100% violation rate for every rest break*, as California law makes clear that employers must permit employees to leave the premises.

9

a.    Under California law, employees who are denied the opportunity to take proper rest periods are entitled to one hour of premium pay for each day that a compliant rest break is not provided. *See Marlo v. United Parcel Service, Inc.*, No. CV 03-04336 DDP (RZX), 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009).

b.    Plaintiff claims that Defendant's alleged failure to provide rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. *See* Exhibit A, Complaint, ¶ 28. The statute of limitations for such a claim is four years. *See* Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for Plaintiff's rest break claim is based on the four-year period of December 13, 2020 to the present.

c.    Defendant's employment records show that its non-exempt hourly employees in California generally work five (5) days per week. *See* Dobson Decl., ¶ 11.

d.    During the period from December 13, 2020 to June 5, 2023[4], non-exempt employees in California collectively worked 164,579 workweeks.

e.    If Plaintiff's allegations regarding being required to remain on the premises are correct (and they are not), then the estimated amount placed in controversy by virtue of the rest period claim is no less than $9,874,740: $20[5] [conservative estimate of average hourly rate] x 164,579[number of workweeks] x 3[6] [violations per workweek].

f.    In analyzing the amount in controversy where, as here, Plaintiff alleges a uniform policy, pattern, or practice requiring missed breaks, it is reasonable to assign a 100% violation rate. *See, e.g.*, *Tajonar v. Echosphere, L.L.C.*, No. 14CV2732-LAB RBB, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015) (noting that where plaintiffs allege "company policy and/or practice and/or direction . . . required" missed meal and rest breaks, district courts have found "100% violation rate [is] proper" in similar situations) (*citing Mejia v. DHL Express (USA),*

---

[4] Defendant calculated the number of workweeks only through this date, but Plaintiff alleges that rest break violations are ongoing. Accordingly, this is a conservative estimate, and the actual amount in controversy is much higher.

[5] Defendant is using a conservative hourly rate of $20 for this calculation. The average hourly rate for the terminated employees was $28.23.

[6] Defendant is using a conversative estimate of three violations per workweek. Non-exempt hourly employees in California generally worked five days per week. *See* Dobson Decl., ¶ 9.

DEFENDANT'S NOTICE OF REMOVAL

*Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *3 (C.D. Cal. May 21, 2015)); *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB , 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (100% violation rate reasonable where plaintiff alleged "at all material times" defendant failed to provide compliant meal and rest breaks).

       g.    Therefore, based on Plaintiff's allegations, the amount placed in controversy by virtue of his rest break claim alone is, at the very least, **$9,870,740,** far in excess of the minimum $5,000,000 CAFA threshold.

    29.    **Amount in Controversy – Attorneys' Fees**.  Plaintiff also seeks an award of attorneys' fees.  *See* Exhibit A, Complaint, ¶¶ 19, 115, and Prayer for Relief, ¶ 3(C).  Attorneys' fees commonly exceed six figures in a class action lawsuit, and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA.  *See Arias, supra,* 936 F.3d at 927-28 (a court must include attorneys' fees when assessing whether the amount in controversy requirement is met); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (attorneys' fees awarded under fee-shifting statutes are included in the amount in controversy).

       a.    According to declarations filed in court by Plaintiffs' counsel in connection with other class action settlements, Plaintiff's attorneys' hourly rates range between $450 and $995 per hour.  *See* Walter Decl., ¶¶ 5-6, Exhibit D.

       b.    A very conservative estimate of 200 hours to litigate this putative class action lawsuit with nine causes of action and thousands of putative class members, would amount to attorneys' fees ranging from $90,000 (at a low $450 hourly rate) to $199,000 (at a $995 hourly rate).

    30.    **The Total Amount in Controversy Far Exceeds the CAFA Minimum.** Plaintiff's Complaint includes nine separate causes of action.  As demonstrated herein, a single claim for waiting time penalties or unlawful rest periods is sufficient to meet—and indeed exceed—the minimum threshold of $5,000,000 for CAFA jurisdiction.

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

31.    As stated above, in accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the district in which the action is pending.  The San Francisco County Superior Court is located within the Northern District of California.  Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

32.    In accordance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders that have been served upon Defendant, and can otherwise be found in the state court file, and that are available to Defendant at the time of filing, are attached as Exhibits to this Notice.

33.    Pursuant to 28 U.S.C. §1446(d), contemporaneous with the filing of this Notice of Removal, Defendant will file with San Francisco Superior Court a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached.  Furthermore, Defendant will serve counsel for Plaintiff with copies of both this Notice of Removal and the Notice of Filing of Notice of Removal, and file in San Francisco Superior Court, these Notices to Plaintiff.

34.    Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

DATED: February 26, 2025                      DAVIS WRIGHT TREMAINE LLP
                                              JULIE M. CAPELL
                                              JAIME D. WALTER
                                              ARIELLE J. SPINNER
                                              XIAOCHEN CHEN


                                              By: */s/ Jaime D. Walter* _____
                                                        Jaime D. Walter

                                              Attorneys for Defendant
                                              UNITED RENTALS (NORTH AMERICA),
                                              INC.

DEFENDANT'S NOTICE OF REMOVAL